UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVAN SIMIJANOVIC,

        Plaintiff,                        Case No. 2:23-cv-12882

v.                                             Honorable Susan K. DeClercq
                                                 United States District Judge
KONINKLIJKE LUCHTVAART
MAATSCHAPPIJ N.V.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 6)**

Plaintiff Stevan Simijanovic, concerned about the effects of climate change, hoped to limit his personal environmental impact by choosing to travel with airlines that were dedicated to promoting sustainability. Relying on Defendant Koninklijke Luchtvaart Maatschappij's (KLM) advertising, Simijanovic believed KLM was one of those airlines, so he purchased a ticket for a KLM flight.

Upon further research, however, Simijanovic concluded that KLM's sustainability measures were not as extensive as KLM's advertising led him to believe. He therefore sued KLM on behalf of himself and others similarly situated, alleging that KLM deceptively overstated its environmental initiatives in its advertising, thus violating the Michigan Consumer Protection Act (MCPA). KLM has moved to dismiss, arguing that (1) the claim is precluded under the Airline

Deregulation Act ("the Act"), (2) Simijanovic lacks Article III standing, and (3) Simijanovic fails to state a claim upon which relief may be granted under Civil Rule 12(b)(6). For the reasons stated below, the motion to dismiss will be granted.

## I. BACKGROUND

The following factual allegations come from Simijanovic's amended complaint, ECF No. 4. At the motion-to-dismiss stage, his allegations must be accepted as true, and all reasonable inferences must be drawn in his favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In its online advertising, KLM boasts of its commitment to "Fly Responsibly," which it defines as "taking a leading role in creating a more sustainable future for aviation." ECF No. 4 at PageID.28. KLM notes its commitment "to the targets defined in the Paris Climate Agreement" and even represents on the exterior of its planes that it is "[f]lying on biofuel." *Id.* at PageID.28–30.

Based on KLM's advertising of its environmental commitments, Simijanovic believed it to be a more sustainable option than other airlines. *Id.* at PageID.36–37. Between October 2019 and October 2023, Simijanovic purchased tickets for flights with KLM because he believed that flying with KLM would be better for the environment. *Id.*

Upon a closer look, however, Simijanovic came to believe that KLM's sustainability initiatives fell short of their advertised standards. *Id.* at PageID.29. For

instance, despite KLM's claim that it is "committed to the targets defined in the Paris Climate Agreement," KLM's Climate Action Plan projections are "inconsistent" with the Agreement's goals. *Id.* at PageID.28–29. Further, KLM's claim that its planes are "flying on biofuel"—advertised on the sides of its airplanes—is an overstatement at best, considering KLM reported that less than 0.2% of all the fuel used in its flights was "sustainable biojet fuel." *Id.* at PageID.30.

Simijanovic alleges that had he known these claims were false or misleading, he would not have flown with KLM or, at least, would not have paid as much to fly with KLM. *Id.* at PageID.37.

So, on November 13, 2023, Simijanovic filed a putative class action against KLM in federal court, alleging violations of the MCPA,[1] although he does not specify which provisions KLM violated. ECF No. 1 at PageID.16–17; *see also* MICH. COMP. LAWS § 445.901, *et seq*. Based on the allegations in the amended complaint, filed February 27, 2024, Simijanovic appears to be bringing a claim for unfair and deceptive practices.[2] ECF No. 4 at PageID.38. In support of this position,

---

[1] The complaint also included a claim for common law fraud, but Simijanovic removed that count in his amended complaint. *Compare* ECF No. 1 at PageID.17–20 *with* ECF No. 4.

[2] The stated purpose of the MCPA is "to prohibit certain methods, acts, and practices in trade or commerce; to require the disclosure, maintenance, and verification of certain information for consumer protection; to prescribe certain powers and duties; to provide for certain remedies, damages, and penalties; to provide for the promulgation of rules; to provide for certain investigations; and to prescribe

he asserts that the MCPA was modeled on the Federal Trade Commission (FTC) Act, the FTC enacted regulations for environmental marketing claims, and KLM's conduct is contrary to these FTC rules. ECF No. 4 at PageID.38; *see also* 16 C.F.R. §§ 260.4(c), 260.15(c).[3]

On March 19, 2024, KLM moved to dismiss, arguing Simijanovic's claim must be dismissed for several reasons, including preemption, lack of standing, and failing to state a claim. ECF No. 6. KLM also noted that counsel for Simijanovic has filed nearly identical suits, both against KLM and against other airlines, in the District of Maryland, the Eastern District of Virginia, and the Southern District of New York, each of which were dismissed on preemption grounds or for lack of standing. ECF Nos. 13; 14; 15; *Zajac v. United Airlines, Inc.*, 8:23-cv-03145, 2024 WL 3784535 (D. Md. Aug. 13, 2024) (preemption); *Long v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 3:23cv435, 2024 WL 3938825 (E.D. Va. Aug. 26, 2024) (preemption); *Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-cv-7962, 2023 WL 5935694 (S.D.N.Y. Sept. 12, 2023) (standing). In step with the *Zajac* and *Long* courts, this Court will dismiss Simijanovic's amended complaint because his sole claim is preempted by federal law.

---

penalties." MICH. COMP. LAWS § Ch. 445. While the MPCA covers a wide array of conduct, it broadly prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." MICH. COMP. LAWS § 445.903.
[3] Simijanovic notably did not bring a separate claim under the FTC Act. *See generally* ECF No. 4.

## II. STANDARD OF REVIEW

A motion to dismiss based on federal preemption is evaluated under Civil Rule 12(b)(6). *Novo Nordisk, Inc. v. DCA Pharmacy*, No. 3:23-cv-00668, 2024 WL 3836087, at *3 (M.D. Tenn. Aug. 15, 2024). Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert*, 517 F.3d at 439 (6th Cir. 2008).

The complaint is sufficient if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## III. ANALYSIS

In its motion, KLM argues that there are three independent reasons Simijanovic's MCPA amended complaint should be dismissed. ECF No. 6 at PageID.59. First, the sole claim is expressly preempted by the Airline Deregulation Act because it relates to KLM's rates and services. *Id.* Second, Simijanovic lacks Article III standing because he fails to allege that he did not receive the services he paid for. *Id.* at PageID.60. Third, the amended complaint fails to state a claim

because: (1) the MCPA, by its own terms, does not apply to airline pricing; (2) Simijanovic has not plausibly alleged injury; (3) Simijanovic did not allege that he purchased his ticket or tickets for personal, family, or household use; (4) Simijanovic has not alleged a specific provision of the MCPA that KLM violated; (5) the MCPA claim is not pled with the particularity required by Civil Rule 9(b); and (6) KLM did not make any misleading statements. *Id.*

Because the Airline Deregulation Act preempts the MCPA claim, it is unnecessary to reach KLM's other arguments. The Court notes, however, that it appears that the amended complaint could be dismissed on several of the other grounds raised by KLM.[4]

The preemption doctrine comes from the Supremacy Clause of the Constitution, which states that federal law is the supreme law of the land. U.S. Const.

---

[4] *See, e.g.*, *Alesia v. GOJO Indus., Inc.*, 538 F. Supp. 3d 764, 773 (N.D. Ohio 2021) (dismissing claim for lack of standing where plaintiffs "received fair value for what they paid" and "failed to allege any effect on the market price for the product at issue based on the allegedly false and misleading statements"); *Johnson v. FCA US, LLC*, No. 22-cv-10494, 2023 WL 2577228, at *3 (E.D. Mich. Mar. 20, 2023) (dismissing claim for lack of standing because plaintiff "must clearly allege facts showing that they suffered an overpayment injury") (internal quotations omitted); MICH. COMP. LAWS § 445.904(1)(a) (exempting from the MCPA any "transaction or conduct specifically authorized under the laws administered by a regulatory board or officer acting under statutory authority of this state or the United States"); *Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008–09 (E.D. Mich. 2015) (dismissing claim for failure to meet Civil Rule 9(b)'s heightened pleading requirements, in part by failing to identify "which section of the MCPA Defendants allegedly violated"); MICH. COMP. LAWS § 445.902(g) (stating the MCPA applies only to transactions "primarily for personal, family, or household purposes").

art. VI, cl. 2.; *see Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 562 (6th Cir. 1998). Accordingly, any state law which interferes with or is contrary to federal law is invalid. *Free v. Bland*, 369 U.S. 663, 666 (1962) (citing *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 210–11 (1824)). For federal law to preempt a state law, Congress must have intended the statute at issue to have a preemptive effect. *Bibbo*, 151 F.3d at 562.

When Congress enacted the Airline Deregulation Act in 1978, it intended to prevent states from imposing their own regulations on the airline industry. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995). Specifically, the Act's preemption clause, "which necessarily contains the best evidence of Congress' pre-emptive intent," *Sprietsma v. Mercury Marine*, 537 U.S. 51, 62–63 (2002) (quoting *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)), provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713.

Based on this provision, the Supreme Court held that the Act preempts state consumer-protection statutes imposing advertising guidelines, because they "quite obviously" relate to rates, routes, and services. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 387–88 (1992). Nonetheless, the Court emphasized that its decision "does not give the airlines *carte blanche* to lie to and deceive consumers; the [Department of Transportation] retains the power to prohibit advertisements

which in its opinion do not further competitive pricing." *Id.* at 390–91.[5]

Here, Simijanovic's MCPA claim is foreclosed by the Act because, as in *Morales*, it "quite obviously" relates to rates. 504 U.S. at 387. Although Simijanovic does not identify a specific provision of the MCPA that KLM allegedly violated, the thrust of his allegations is that KLM's false advertising caused him to overpay for his flight:

> "As a result of the false and misleading representations and omissions about its environmental initiatives, flights on KLM cost more than on other airlines, higher than similar airline flights, represented in a non-misleading way, and higher than they would be sold for absent the misleading representations and omissions."

ECF No. 4 at PageID.31; *see also id.* at PageID.28–29. Put otherwise, Simijanovic claims that he paid a higher *rate* than he otherwise would have without KLM's deceptive advertising. Indeed, this is the only injury he alleges. ECF No. 4 at PageID.31. Despite Simijanovic's arguments to the contrary,[6] this claim falls squarely within the range of what is preempted by the Act. *Morales*, 504 U.S. at 387.

Even so, Simijanovic responds that the Act does not require dismissal here because his claims "are not based on 'a breach of state-imposed obligations' but on

---

[5] This Court also notes that the Department of Transportation has an Office of Aviation Consumer Protection that receives and investigates air travel service complaints. *See Aviation Consumer Protection*, U.S. DEPARTMENT OF TRANSPORTATION, https://www.transportation.gov/airconsumer.

[6] Effectively, Simijanovic attempts to argue in a single breath that his claim has nothing to do with rates *and* that he was injured by paying too much for flights. *See* ECF No. 8 at PageID.246, 257. He cannot have it both ways.

'self-imposed [ones].'" ECF No. 8 at PageID.245 (alterations in original) (citing *Metro. Title Agency, Inc. v. Fed. Express Corp.*, No. 22-cv-00094, 2023 WL 2600397, at *4 (S.D. Ohio Mar. 22, 2023)).

This argument misses the mark. Simijanovic relies entirely on *Metropolitan Title Agency*, which held that an unjust-enrichment claim—which is a common-law contract claim—was not preempted by the Act because it did not arise from "a law, regulation, or other provision having the force and effect of law." 2023 WL 2600397, at *4. Rather, the claim derived from the voluntary implied contract between the parties. *Id.* Because the plaintiff sought remedies *under a contract* and not under a state statute, the court found that the claim was not precluded. *Id.*

But here, Simijanovic seeks damages *only* under a state statute—the MCPA. ECF No. 1. He does not seek contract or common-law remedies, so his reliance on *Metropolitan Title Agency* is unavailing at best. To be sure, a voluntary environmental initiative is not a state-imposed obligation, but Simijanovic is not actually suing KLM for failing to meet that initiative. He sues for violations of the MCPA—which certainly counts as "a law, regulation, or other provision having the force and effect of law." *Metro. Title Agency*, 2023 WL 2600397, at *4.

In sum, because Simijanovic's MCPA claim relates to airline rates and advertising, it is preempted by the Act. *Morales*, 504 U.S. at 387–88; 49 U.S.C. § 41713. As such, Simijanovic's amended complaint must be dismissed. *Id.*

## VI. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 4, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/10/2024